

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2003

# Shabazz v. Nagy

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Shabazz v. Nagy" (2003). *2003 Decisions.* Paper 260.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-4261

*FAHEEMAH SHABAZZ,

Appellant
v.

STEPHEN NAGY, P.O., Badge No. 3241; RONNIE BRODIE, Badge No. 9110;
THOMAS LEDERER, Det.; WILLIAM CIERRA, Det.; J & W INSURANCE AGENCY,
d/b/a EAGLE PEAK BUSINESS SERVICES; WANDS DENISE PATE, Individually
and as Agent, Servant, Employee, and Owner of J & W Insurance Agency, d/b/a Eagle
Peak Business Services

*(Amended in accordance with Clerk's Order dated 1/7/03)

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 01-cv-05396)
District Court: Honorable John P. Fullam, Sr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2003

Before: McKEE, SMITH and COWEN, <u>Circuit Judges</u>.

(Filed: September 23, 2003)

OPINION

McKEE, <u>Circuit Judge</u>.

Plaintiff Faheemah Shabazz appeals an order from the district court granting

defendants' motion for summary judgment. For the reasons that follow, we will affirm.

**I.**

Because we write only for the parties, we need not reiterate the facts except insofar as may be helpful to our brief discussion. On November 9, 1999, Faheemah Shabazz was stopped by Officer Stephen Nagy while driving her mother's recently purchased automobile. Officer Nagy stopped Shabazz because the temporary license plate or "tag" on the car she was driving had expired. After executing a routine check of the expired tag, Officer Nagy was informed that the car had been stolen. Consequently, he arrested Shabazz for operating a vehicle with a stolen tag. When arrested, Shabazz was wearing a khimar, or head-scarf, in keeping with her Islamic beliefs.

However, police made Shabazz remove the khimar so that her picture could be taken. This was required for everyone detained in police custody. However, out of respect for her wishes, no males were present when her khimar was removed for the picture. While being held overnight in a cell at police headquarters, Shabazz was required to remove the khimar for safety purposes. Accordingly, despite the precautions police had taken when Shabazz was photographed, male officers saw her without her khimar. This was a violation of her religious principles.

After further police investigation, it became clear that a mistake had been made and Shabazz was innocent of driving a car with a stolen tag. Once police learned of the error, Shabazz was released from custody. Thereafter, she filed the instant suit against

2

the arresting officers and various police personnel, as well as the licensing agency whose negligence purportedly caused the error.[1]

The district court granted the remaining defendants' motion for summary judgment, and this appeal followed.[2]

## II.

As noted, Shabazz argues that summary judgment was inappropriate because the police lacked probable cause to arrest her, and her post-arrest detention was unconstitutional. We consider each claim separately.

At the outset we note that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). Facts are material when disputes over the facts might affect the outcome of a case. *Id.* Thus, a "mere scintilla"

---

[1] Shabazz obtained a default judgment against the agency.

[2] Our inquiry is whether summary judgment was properly granted to the defendants. A district court's grant of summary judgment is subject to plenary review. *See Ditri v. Caldwell Banker Residential Affiliates, Inc.* 954 F.2d 869, 871 (3d Cir. 1992); *Pub. Interest Research Group of N.J. v. Powell Duffryn Terminals, Inc.*, 913 F.2d 64, 71 (3d Cir. 1990), *cert. denied,* 498 U.S. 1109 (1991).

of evidence is not enough for the plaintiff to defeat a motion for summary judgment. *Id. at 252.* We must therefore decide "whether reasonable jurors could find by a preponderance of evidence that the plaintiff is entitled to a verdict." *Id.*

## A. Probable Cause to Arrest

The Fourth Amendment requires that an arresting officer have probable cause to make an arrest. *See Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person being arrested." *Id.*

As noted above, Shabazz was stopped because the automobile she was driving had an expired temporary license-tag. The initial stop was therefore clearly justified. After a routine check, Officer Nagy obtained what then appeared to be reliable information that the tag was stolen. Based on this information, he arrested Shabazz for operating a vehicle with a stolen tag. That arrest was, therefore, clearly based upon probable cause, and plaintiff's argument to the contrary is patently frivolous.

## B. Vicarious liability

Lieutenant Lederer did not personally remove the khimar. Shabazz argues that Lederer is liable because he was "*directly* responsible for the post-arrest interview, investigation and evaluation of Plaintiff's arrest, and . . . for determining whether she

4

should be detained." Br. at 19 (italics in original). Yet, Shabazz concedes that Lederer was not directly involved in her arrest. *Id.* She nevertheless claims that she is entitled to recover against Lederer because of his "negligent and callously indifferent actions," *id.,* following her arrest. However, that allegation is not supported by the uncontested facts on this record. Thus, the district court correctly concluded that the evidence here did not support any theory that would allow Shabazz to recover against Lederer.

"[U]nder our cases, '[a] defendant in a civil rights action must have *personal involvement* in the alleged wrongs' to be liable." *Sutton v. Rasheed*, 323 F.3d 236 (3d Cir. 2003) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)) (emphasis added). Allegations of personal involvement sufficient to attach liability under § 1983 "must be made with appropriate particularity." *Rode,* 845 F.2d at 1207. Shabazz has not come forward with sufficient evidence to meet that standard.[3] Accordingly, summary judgment was proper.

## C. Post Arrest Detention

Finally, Shabazz argues that summary judgment was inappropriate on her claim that her post arrest detention violated her constitutional rights. A reasonable jury clearly

---

[3] Shabazz's brief states that "pursuant to written policy, the City of Philadelphia Police Department ordered the removal of all headgear while photographs were being taken . . . ." However, she never raised the issue of the City's policy in the district court, and there is nothing here to even suggest Lederer is a policy maker. Thus, even if Shabazz had properly preserved the issue of the City's policy, it would not support a finding of liability against a Lieutenant in the police department.

could conclude that Lederer and Officer Brodie did not conduct an error free investigation. However, an error free investigation is not constitutionally required of officials charged with maintaining the custody of the accused. *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Shabazz's allegations regarding shoddy police work do not rise to the level of a § 1983 claim against Lederer or Brodie. "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted -- indeed, for every suspect released." *Id.* at 145. A reasonable jury could not find that Shabazz's post arrest detention violated her constitutionally protected rights. Accordingly, the district court properly granted summary judgment.

### III.

For all the above reasons, we will affirm the district court's decision granting summary judgment.

————————

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/Theodore A.  McKee
Circuit Judge